IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

**PINNACLE MINING COMPANY, LLC,**

    **Plaintiff,**

v.                                   Case No. 5:08-0931

**BLUESTONE COAL CORPORATION,**

    **Defendant.**

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

For its Complaint, Pinnacle Mining Company, LLC states as follows:

### PARTIES AND BACKGROUND

1. Pinnacle Mining Company, LLC [hereinafter "Pinnacle"] is engaged in the coal mining business in Wyoming County, West Virginia.

2. Pinnacle is the holder of a valid coal mining permit issued by the State of West Virginia that, among other things, allows Pinnacle to operate and maintain an impoundment to contain coal waste and wastewater.

3. Pinnacle has at all pertinent times operated the impoundment in compliance with its permit and the applicable laws and regulations.

4. Bluestone Coal Corporation [hereinafter "Bluestone"] is engaged in the coal mining business in Wyoming County, West Virginia.

5. Bluestone operates the Mine No. 65 underground mine pursuant to permit U400202 issued by the State of West Virginia.

6. Bluestone is and at all relevant times was aware of the location and operation of the Pinnacle impoundment.

7. Bluestone is and at all relevant times was aware of the legal requirement that a safety zone be maintained around the Pinnacle impoundment to protect the integrity of the impoundment and the health and safety of those who live in the surrounding area.

8. Bluestone was required by law to periodically submit mining plans to regulatory authorities indicating the progress of the mine, projections for mining and surface structures and other surface facilities, such as Pinnacle's impoundment.

9. Bluestone was required by law to periodically submit mining plans to regulatory authorities indicating, among other things, that its underground mining would not violate the safety zone of the Pinnacle impoundment.

10. In or about August of 2007, Bluestone, in violation of its permits and the applicable laws and regulations, conducted underground mining that penetrated the safety zone of the Pinnacle impoundment in violation of state and federal laws and its mining permit.

11. As a result of Bluestone's mining into the safety zone, the integrity and/or future integrity of the impoundment has been affected.

12. As a result of Bluestone's mining into the safety zone, regulatory authorities are requiring Bluestone and Pinnacle to revise their mining permits to address the potential impact of Bluestone's mining on the integrity of the impoundment and to preserve the integrity of the impoundment.

13. Bluestone's mining into the safety zone has resulted in Pinnacle having to obtain engineering experts to evaluate the affects of Bluestone's mining and remedial means to protect the integrity of the impoundment.

14. Bluestone's mining into the safety zone will result in Pinnacle being required to take additional steps to preserve the integrity of the impoundment, especially if Bluestone fails to meet its legal obligations.

15. Because it violated the law and its permits, regulatory authorities have ordered Bluestone to bear the economic burden of all expenses incurred in connection with the steps required to preserve the integrity of the impoundment.

16. The remedial steps required to protect the integrity of the impoundment are likely to require that areas be grouted and that water be pumped from the Bluestone mine on a perpetual basis.

17. In addition to operating and maintaining the equipment required to maintain perpetual pumping, the need for perpetual pumping will also require permits to be obtained or maintained, water quality to be monitored and/or treated and discharge facilities to be maintained.

18. As of the filing of this Complaint, Bluestone has failed to present a plan to regulatory authorities or Pinnacle on the means by which it will address its breach of the safety zone and deal with the steps required to preserve the integrity of the impoundment in the future.

19. The cost of dealing with and preserving the integrity of the impoundment in the future will be in the tens of millions of dollars.

## Count One

20. Bluestone was negligent, grossly negligent and/or reckless in conducting mining operations which penetrated the safety zone of the Pinnacle impoundment.

21. As a result of Bluestone's negligence, gross negligence and reckless conduct, Pinnacle has been damaged and will continue to be required to retain engineering services and monitor the integrity of the impoundment.

22. As a result of Bluestone's negligence, gross negligence and reckless conduct, Pinnacle has been damaged and will continue to be required to take steps to ensure the integrity of the impoundment in perpetuity.

23. Pinnacle is entitled to an award of damages resulting from Bluestone's conduct, including, but not limited to, damages for engineering and monitoring costs, remedial measures, punitive and consequential damages.

## Count Two

24. Bluestone violated its permit and state and federal laws and regulations when it mined into the safety zone of Pinnacle's impoundment.

25. Bluestone is strictly liable for all damages to Pinnacle resulting from Bluestone's violation of its permit and state and federal laws and regulations.

26. Pinnacle is entitled to an award of damages resulting from Bluestone's conduct, including, but not limited to, damages for engineering and monitoring costs, remedial measures and consequential damages.

**Count Three**

27.     Bluestone operates the Mine No. 65 pursuant to a permit issued by the State of West Virginia pursuant to the provisions of the federal Surface Mining Control and Reclamation Act (SMCRA).  30 U.S.C.A. § 1201, et seq.

28.     SMCRA provides a federal cause of action for any person or property injured through a violation of any rule, order or permit issued under the Act.  30 U.S.C. § 1270(f).

29.     Bluestone's mining into the safety zone of the impoundment was a violation of Bluestone's permit and the applicable regulations promulgated pursuant to SMCRA.

30.     As a result of Bluestone's violation of its permit and the applicable regulations, Pinnacle's property has been damaged.

31.     Pursuant to SMCRA, Pinnacle is entitled to damages and an award of attorneys' fees and costs incurred in bringing this action.

**Count Four**

32.     If Bluestone fails to continue pumping water and to take other action to preserve the integrity of the impoundment, it will cause irreparable harm to Pinnacle.

33.     If Bluestone fails to submit and execute a plan acceptable to regulators for the preservation of the integrity of the impoundment and providing financial assurance that the steps required in the plan will be maintained in perpetuity, it will cause irreparable harm to Pinnacle.

34.     If Bluestone fails to submit and execute a plan acceptable to regulators for the preservation of the integrity of the impoundment and providing financial assurance that the steps

required in the plan will be maintained in perpetuity, it will cause a public health and safety threat to those living in the area of the impoundment.

35. Pinnacle is entitled to an injunction requiring Bluestone to continue pumping the water from its mine, to take and maintain whatever additional remedial measures may be required by regulators and to maintain financial assurance that these steps will be continued in perpetuity.

WHEREFORE Pinnacle prays that it be awarded judgment against Bluestone; that it be awarded damages, past and future, incurred as a result of Bluestone's conduct; that it be awarded costs, including attorneys fees, incurred in bringing this action; that the Court issue an injunction requiring Bluestone to submit and abide by a plan of remediation and financial assurance satisfactory to regulators and Pinnacle; and such other relief as the Court may deem appropriate.

**STEPTOE & JOHNSON PLLC**
   **Of Counsel**

**/s/ Steven P. McGowan**
**Steven P. McGowan (W.Va. Bar No. 2460)**
**Eighth Floor, Chase Tower**
**P.O. Box 1588**
**Charleston, WV 25326-1588**
**(304) 353-8000**
**Fax: (304) 353-8180**

_____

## VERIFICATION

COMMONWEALTH OF PENNSYLVANIA;

COUNTY OF ALLEGHENY; to wit:

I, _____, a notary public of said county and state, do certify that,

_____, whose name is signed to the writing hereto annexed, bearing date as of

the \_\_\_\_\_ day of July 2008, has this day acknowledged the same before me in my said county.

Given under my hand this \_\_\_\_\_ day of July 2008.

My commission expires: _____

_____
Notary Public

(NOTARIAL SEAL)