# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

PINNACLE MINING COMPANY, LLC,

        Plaintiff,

v.                                       CIVIL ACTION NO. 5:08-cv-00931

BLUESTONE COAL CORPORATION, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Bluestone Coal Corporation and Bluestone Industries, Inc.'s Renewed Motion to Dismiss [Docket 44]. The motion has been fully briefed and is ripe for the Court's review.

### *I. BACKGROUND AND PROCEDURAL HISTORY*

This action arises out of Defendants' allegedly illegal underground coal mining into the buffer zone beneath Plaintiff's Smith Branch Impoundment (impoundment). Plaintiff filed a five-count Amended Complaint [Docket 7] naming Bluestone Coal Corporation, Double-Bonus Coal Company, and Bluestone Industries, Inc. as Defendants. In the Amended Complaint, Plaintiff states that all three Defendants are collectively referred to as "Bluestone." (Docket 7 ¶ 4.) Plaintiff alleges that in August of 2007, "Bluestone" conducted "underground mining that penetrated the safety zone of the [impoundment] in violation of state and federal laws and its permit." (Docket 7 ¶ 10.) Plaintiff further avers that "Bluestone's" mining has affected the integrity of the impoundment.

Count One of Plaintiff's amended complaint alleges that "Bluestone" was negligent and/or reckless in conducting mining operations, which compromised Plaintiff's impoundment and required Plaintiff to take steps to ensure the integrity of the compound. Count Two asserts that "Bluestone" is strictly liable for all damages resulting from its violations. Count Three contends that Plaintiff is entitled to damages as a result of "Bluestone's" violation of the federal Surface Mining Control and Reclamation Act. Count Four seeks an injunction requiring "Bluestone" to continue pumping the water from its mine and to provide financial assurance that the water will be pumped in perpetuity.

Count Five asserted that Defendants Bluestone Coal Corporation, Double-Bonus Coal Company, and Bluestone Industries are alter egos, and that their corporate structures should be disregarded, making each liable for the others' acts. However, the Court dismissed Count Five in a Memorandum Opinion and Order [Docket 931] entered on March 27, 2009. On April 8, 2009, Defendants filed a Renewed Motion to Dismiss [Docket 44], requesting that the Court dismiss Defendants Bluestone Coal Corporation and Bluestone Industries, Inc. as defendants.

## II. STANDARD OF REVIEW

Defendants' motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must merely "give the defendant fair notice of what the . . . claim is and the grounds upon which its rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

2

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005).

### III. ANALYSIS

Defendants assert that as a result of the Court dismissing Plaintiff's alter ego claim set forth in Count Five, "the Amended Complaint no longer states a claim upon which relief may be granted because there is no allegation that either [Bluestone Coal Corporation or Bluestone Industries, Inc.] engaged in conduct which would make [it] liable to the plaintiff under any cognizable theory of law." (Docket 45 at 2.) Defendants argue,

> Through semantic trickery, the plaintiff names all three defendants collectively in Paragraph 4 and refers to them collectively throughout. This does not provide a basis of liability for Bluestone Coal Corporation and Bluestone Industries, Inc., and, as such, they are not proper defendants in this case and should be dismissed.

(*Id.* at 3.) Defendants claim that "all of the allegations in the Amended Complaint which refer to the duties and obligations of 'Bluestone' actually refer to the duties and obligations of Double-Bonus Coal Company." (*Id.*)

However, Plaintiff contends that because the Amended Complaint "asserts independent causes of action against all Defendants, [the Amended Complaint] satisfies the requirements of

3

Federal Rule of Civil Procedure 8(a)." (Docket 53 at 4.) Plaintiff further asserts that defendants may be liable for one another under agency principals. In addition, Plaintiff argues,

> Plaintiff is entitled to conduct discovery regarding the specific roles each Defendant played with respect to securing the mine permit and managing, conducting, operating, controlling, and/or supervising the mining being conducted at Mine No. 65 adjacent to Pinnacle's impoundment, as these issues present questions of fact which cannot be resolved on a motion to dismiss.

(*Id.* at 6–7.)

The Court is inclined to agree with Plaintiff. First, Defendants' argument is based on facts that are outside of the pleadings. Defendants assert that Plaintiff's claims are directed at the operator of the mine in question, and therefore are only directed at Double-Bonus. Yet, even if true, that is a factual matter beyond the pleadings. While it may be the case that Double-Bonus is the operator of the mine, that is not how the Amended Complaint is plead, and it is therefore irrelevant under the Rule 12(b)(6) standard.

The relationship among these three Bluestone entities may not be entirely clear to Plaintiff. However, sorting out those relationships, as necessary for this litigation, is a factual matter that may be resolved by summary judgment following discovery, not by Rule 12(b)(6). As it stands, each cause of action is plead equally against each Defendant.

The Amended Complaint has met the requirements under Rule 8(a)(2) as it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint provides "enough facts to state a claim to relief that is plausible on its face" against each defendant. *Twombly* 550 U.S. at 570. In addition, as evidenced by their Amended Motion to Dismiss, as well as other filings in this case, each defendant has been put on notice of the claims

against it. Therefore, the Court **FINDS** that the Amended Complaint was sufficiently plead against all defendants.

## IV. CONCLUSION

For reasons stated above, the Court **DENIES** Defendant's Renewed Motion to Dismiss [Docket 44].

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    May 29, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE