## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| PINNACLE MINING COMPANY, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 5:08-00931** |
| | ) | |
| BLUESTONE COAL CORPORATION, | ) | |
| DOUBLE-BONUS COAL COMPANY, | ) | |
| and BLUESTONE INDUSTRIES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is (1) Plaintiff's Motion to Compel Discovery From Defendants (Document No. 42.), filed on April 8, 2009; (2) Plaintiff's Request for Ruling on Previously Filed Motion to Compel Discovery From Defendants (Document No. 106.), filed on August 18, 2014; (3) Plaintiff's Motion to Withdraw Portion of Motion to Compel With Respect to Certain Requests For Admission (Document No. 52.), filed on April 20, 2009; and (4) Plaintiff's Second Motion to Compel Discovery From Defendants (Document No. 107.), filed on August 18, 2014. Defendants filed their response to Plaintiff's Motion to Compel on April 27, 2009 (Document No. 57.), to which Plaintiff filed its Reply on May 5, 2009. (Document No. 59.)

### BACKGROUND

Plaintiff filed an Amended Complaint on July 30, 2008, alleging that Defendants, Bluestone Coal Corporation, Double-Bonus Coal Company, and Bluestone Industries, engaged in illegal underground coal mining. (Document No. 7.) Plaintiff alleges that in August, 2007, Defendants conducted underground coal mining at Mine No. 65 that penetrated the safety zone of Plaintiff's

impoundment, in violation of Permit U400202 issued by the State of West Virginia, as well as in violation of state and federal laws. (Id. ¶ 10.) As a result of Defendants' mining, Plaintiff alleges that the integrity and future integrity of its impoundment has been affected. (Id. ¶ 11.) Plaintiff and Defendants therefore, were required to revise their mining permits to address the potential impact of Defendants' mining on the integrity of the impoundment and to preserve the integrity of the impoundment. (Id. at ¶ 12.) Plaintiff further states that Defendants were ordered by regulatory authorities to bear the economic burden of all expenses incurred regarding the remedial measures necessary to preserve the integrity of the impoundment. (Id. ¶ 15.)

Count One of Plaintiff's Amended Complaint alleges that Defendants were negligent, grossly negligent, and/or reckless in conducting their mining operations that resulted in its impoundment being compromised and required Plaintiff "to take steps to ensure the integrity of the impoundment in perpetuity." (Id. at ¶¶ 20-23.) Count Two alleges that Defendants violated their permit and state and federal laws and regulations when they compromised Plaintiff's impoundment, and that Defendants strictly are liable for all damages resulting from their conduct. (Id. at ¶¶ 24-26.) Count Three asserts that Defendants' conduct violated the federal Surface Mining Control and Reclamation Act ("SMCRA"), 20 U.S.C. § 1201, et seq., and that Plaintiff is entitled to damages and an award of attorneys' fees and costs. (Id. at ¶¶ 27-31.) In Count Four, Plaintiff seeks injunctive relief requiring Defendants to continue pumping water from its mine, to take and maintain remedial measures required by regulators, and to provide financial assurance that these steps will be maintained in perpetuity. (Id. at ¶¶ 32-35.) Finally, in Count Five, Plaintiff alleged that Defendants were alter egos, that their corporate structures should be disregarded, and that each Defendant should be held liable for the acts of the other. (Id. at ¶¶ 36-37.) By Memorandum Opinion and Order entered

March 27, 2009, District Judge Thomas E. Johnston dismissed without prejudice Plaintiff's Count

Five as asserted in its Amended Complaint. (Document No. 38.)

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an

interrogatory or produce a document, the discovering party may move for an Order compelling the

answer. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the

movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Rule

37 also provides that when a Motion to Compel is granted, the court "*must*, after giving an

opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred

in making the motion, including attorney's fees," unless the nondisclosure was substantially justified

or an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A) (Emphasis added).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense - including the existence, description, nature, custody,
> condition, and location of any documents or other tangible things and the identity and
> location of persons who know of any discoverable matter. For good cause, the court
> may order discovery of any matter relevant to the subject matter involved in the
> action. Relevant information need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery therefore, is limited to nonprivileged information which is relevant

to any party's claim or defense. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S.Ct.

2380, 2390, (1978). Although evidence need not be admissible at trial, "[d]iscovery of matter 'not

reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule

26(b)(1)." Id.

**Plaintiff's Motion to Compel (Document No. 42.)**:

Plaintiff served its Requests for Admission and Interrogatories and Requests for Production of Documents on Defendants on December 22, 2008. (Document Nos. 31 and 32.) On January 21, 2009, the parties entered a stipulation extending Defendants' time to respond to the discovery requests until March 9, 2009. (Document No. 33.) Defendants responded to the discovery requests on March 9, 2009. (Document No. 34 and 35.) By letter dated March 17, 2009, Plaintiff's counsel sought supplementation of certain discovery responses from defense counsel. (Document No. 42 at Exhibit C.) Defendants' counsel reiterated some of their objections and provided supplemental responses to certain requests on March 27, 2009. (Document No. 42 at Exhibits D and E.) By correspondence dated April 1, 2009, to defense counsel, Plaintiff's counsel outlined the responses to the requests for admissions which counsel found were adequate, as requested by counsel. (Document No. 42 at Exhibit F.) By letter dated April 3, 2009, Defendants' counsel advised that some amendments to the responses to the requests for admission were necessary. (Document No. 42 at Exhibit G.) Plaintiff's counsel, also on April 3, 2009, sent further correspondence to defense counsel to attempt to cure the deficient discovery responses. (Document No. 42 at Exhibit H.) Plaintiff asserts that Defendants have failed to provide appropriate responses to its discovery responses. (Document No. 42 at 3.)

**Interrogatory Numbers 1 and 16**:

Interrogatories Numbers 1 and 16 request that Defendants identify those persons who assisted in preparing responses to the discovery requests and who attempted to locate documents responsive to the requests for documents. (Document No. 42, Exhibit B at 3, 8.) Defendants objected and

4

asserted that the information was protected by the attorney-client privilege and/or the work product doctrine. (Id.) Plaintiff asserts that the requests call for factual information, which is not afforded such protection. (Document No. 42 at 4-5.) Defendants respond that the requests, read in their broadest sense, seek the names of all individuals who took part in preparing the discovery responses, including attorneys, and therefore, are protected from discovery. (Document No. 57 at 2-3.) Defendants assert that "attorney decisions made regarding which representative of corporate defendants possess the information requested by the plaintiffs falls squarely within the prerogative of an attorney's work product, and a plaintiff is not entitled to discover, either directly or indirectly, the process by which an attorney determines those individuals best suited to assist in the discovery process." (Id. at 3.) Citing Kalp v. Life Ins. Co. of North America, 2009 WL 261189 (W.D. Pa. 2009), Plaintiff asserts in reply that other jurisdictions have held expressly that the identity of the individuals who assisted in the preparation of discovery responses is not privileged information. (Document No. 59 at 2-3.)

In Kalp, an ERISA action, the plaintiff requested the identity of all persons who participated in providing answers to interrogatories, including counsel. Kalp, 2009 WL 261189 at *9. The defendant identified certain individuals and asserted that communications between counsel and clients were privileged. Id. The Court held that the identity of the company representatives was not privileged information and that the attorney-client privilege applied "only to communications between counsel and client and not the identities of the client's representatives." Id. at *10. In line with the court in Kalp, the undersigned finds that the identity of the those persons who assisted Defendants in responding to Plaintiff's discovery requests is nothing more than factual information and does not evade the attorney-client privilege or work product doctrines. The discovery requests

neither seek information behind counsel's decision regarding which corporate representative he chose to answer the discovery requests, nor ask Defendants to divulge the substance of any communication with counsel. The information sought purely is factual in form. Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion to Compel (Document No. 42.), is **GRANTED** respecting Interrogatory Numbers 1 and 16 and directs Defendants by **April 14, 2015**, to respond to Interrogatory Numbers 1 and 16.

Interrogatory Number 2 and Request Numbers 1 and 5:

Interrogatory Number 2 requested Defendants to describe the history of the permit application process for U400202, including all communications with state and federal agencies, the dates of the contact, the dates of the permit applications, descriptions of revised permit applications, and descriptions of maps, plats, or drawings. Similarly Request for Production Numbers 1 and 5 requested the documents related to permit U400202 and any maps or drawings that reflected the mine plan for Mine No. 65 that were created before or after Defendants' penetration of the safety zone of Plaintiff's impoundment. (Document No. 42, Exhibit B at 3,8-10.) Defendants responded by referring Plaintiff to voluminous documents obtained from the West Virginia Department of Environmental Protection ("WVDEP"), but failed to describe the history of the permit application process, or provide notes, drafts, or correspondence related to the permit. (Document No. 42 at 6-7.) By letter dated March 27, 2009, Defendants' counsel indicated that the WVDEP documents and maps provided the requested history. (Document No. 42 at Exhibit D.) Defendants also failed to indicate whether they possessed any maps, plats, or drawings related to permit U400202 other than those filed with the WVDEP. (Id. at 7.) Thus, Plaintiff contends that Defendants cannot provide what they deem the best evidence and fail to provide any internal documents related to permit U400202.

(<u>Id.</u> at 7.)

In response, Defendants assert that Plaintiff wants them to summarize the documents and provide a timeline that is not in existence. (Document No. 57 at 4.) Defendants contend that they have provided Plaintiff a description of the documents that is as readily discernible to Plaintiff as it is to them. (<u>Id.</u>) Respecting Request Number 1, Defendants assert that Plaintiff's request is vague, overbroad, and fails to seek documents with any particularity. (<u>Id.</u>) Defendants requested that Plaintiff clarify the request and indicate with particularity the documents sought, but Plaintiff failed to narrow the request. (<u>Id.</u>) Regarding Request Number 5, Defendants assert that they supplemented their response and provided more maps, which represent all maps in the custody, possession, and control of Defendants. (<u>Id.</u> at 4-5.) In Reply, Plaintiffs contend that Defendants have failed to provide any internal documentation, notes, drafts, or correspondence related to permit U400202, any internal documentation between Defendants and any outside consultants or engineers relating to the permit, or any internal documentation between Defendants and the Office of Miners' Health, Safety and Training regarding the permit and maps. (Document No. 59 at 3-4.)

Defendants have read too much into Plaintiff's discovery requests. Plaintiff simply is requesting Defendants to indicate the process by which Defendants obtained permit U400202, including the dates of contact and applications and descriptions of the maps associated therewith. Most likely, this process is evidenced by forms, which would be responsive to Requests 1 and 5. Although Defendants have provided Plaintiff with the information from the WVDEP, Defendants have failed to indicate whether they possess any information responsive to the Requests in addition to the WVDEP information. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 42.), is **GRANTED** respecting Interrogatory Number 2 and Request for Production

7

Numbers 1 and 5; Defendants shall by **April 14, 2015**, describe the process by which they obtained permit U400202 and provide any further evidence in their custody, possession, or control, including internal documentation, that is responsive to Interrogatory 2 and Requests 1 and 5.

Interrogatory Numbers 4, 5, 14, and 15 and Request Number 9:

Interrogatory Numbers 4 and 5 request that Defendants identify the financial institutions with which Bluestone Coal or its affiliates conducted business between the years 2000 through 2008, and the financial institutions used to finance any coal mining operations at Mine No. 65. (Document No. 42, Exhibit B at 4.) Interrogatory Number 14 asks Defendants, respecting mining conducted after they penetrated the impoundment's safety zone, to provide the cost per ton of producing coal by operation during that period, the sale price of the coal produced, and the net profit made on all such sales. (Id. at 7.) Interrogatory Number 15 requests that Defendants identify the entities owned or affiliated with them and the principals. (Id. at 8.) Request Number 9 asked Defendants to produce documents related to the value and tonnage of coal mined at Mine No. 65 after the impoundment safety zone was penetrated, as well as all documents summarizing Bluestone Coal's coal sales from 2004 through the present. (Id. at 11.) Defendants objected to such requests on the grounds of relevancy and the lack of a prima facie showing that punitive damages were appropriate. (Id.) Defendants additionally asserted that they had filed a motion to dismiss Plaintiff's vicarious liability claim. (Id.)

Plaintiff asserts that the identity of the corporate entity financing and realizing the profits from mining activities at Mine No. 65, and the financial relationship between Defendants is relevant to which entity was conducting mining at the subject mine and engaged in wrongful activities. (Document No. 42 at 8.) Defendants respond that the discovery requests were propounded to obtain

evidence to support Plaintiff's claim that the corporate Defendants operated as alter egos and that the corporate veil should be pierced. (Document No. 57 at 5.) The Court has dismissed the corporate veil theory, and therefore, Plaintiff is not entitled to Defendants' financial information. (Id.) In reply, Plaintiff contends that Defendants essentially failed to respond to its discovery requests on a mistaken assumption that Plaintiff seeks the information to support its claim to pierce the corporate veil. (Document No. 59 at 4.) Plaintiff asserts that the requests all are relevant "to which entity conducted mining at the subject mine and engaged in the wrongful activities which have resulted in harm to [Plaintiff]." (Id.)

Plaintiff served its discovery requests on December 22, 2008, prior to Judge Johnston dismissing Count Five of its Amended Complaint, the alter-ego/piercing the corporate veil claim. Although Plaintiff denies that the aforementioned requests were propounded with respect to the alter-ego claim, it appears that the vast concentration of the requests on the financial institutions with whom Defendants transact business was tailored toward such claim. The requests also seek information pertaining to Defendants' profits, including the costs per ton of coal produced a day, the sale price of the coal produced, the value and tonnage of coal at Mine No. 65 after the impoundment safety zone was penetrated, and the financial relationship of each of the Defendants. These types of requests, as Defendants point out, tend to support a claim of punitive damages. In this District, a plaintiff must demonstrate a viable claim for punitive damages before discovery of a defendant's financial worth. Robinson v. Quicken Loans Inc., 2013 WL 1704839, *3-4 (S.D.W.Va. April 19, 2013). The parties have filed their respective summary judgment motions in this matter, which motions remain pending. (Document Nos. 125 and 126.) Though Plaintiff asserts that the records are relevant to determining which Defendant committed the wrongful acts, the undersigned does not

see that to be an issue, or at least one that cannot be resolved without resorting to obtaining financial records. Thus, the undersigned finds that the best course is to deny Plaintiff's requests for financial records at this time, but allow Plaintiff to revisit such request after a ruling on the dispositive motions when there should be more clarity as to whether Plaintiff has made the prima facie showing for punitive damages. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 42.), respecting Interrogatory Numbers 4, 5, 14, and 15 and Request for Production Number 9 is **DENIED**. Plaintiff may reinstate its Motion to Compel with respect to these requests, if necessary, at a later date.

Interrogatory Numbers 11 and 12:

Interrogatory Number 11 asks whether Defendants advised any permitting agency of the precise location of Plaintiff's impoundment at any time prior to the granting of permit U400202, and Interrogatory Number 12 asks whether Defendants revised any maps, plots, or drawings associated with permit U400202 at any time prior to the granting of permit U400202. Defendants referred Plaintiff to the WVDEP documents. (Document No. 42, Exhibit B at 6-7.) Plaintiff asserts that although Fed. R. Civ. P. 33(d) allows a party to answer by specifying records to be reviewed, Defendants generally referred to a compact disc consisting of 1,200 pages without specifying which documents were responsive to these interrogatories. (Document No. 42 at 9.) Defendants failed to respond to these interrogatories in their Response to Plaintiff's Motion to Compel.

Rule 33(d) allows a party to answer an interrogatory by reference to documents in certain circumstances. Rule 33(d) provides as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the

answer will be substantially the same for either party, the responding party may answer by:

(1)  specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2)  giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

This Court has held that there are four criteria that the responding party must meet to satisfy its obligations under Rule 33(d):

First, the information sought by the interrogatory must be available in the records. Wells Fargo Bank, N.A., 286 F.R.D. 273, 277 (D. Md. 2012). Second, the producing party must specify where in the records the information may be found. "Third, the producing party must demonstrate that answering the interrogatory in the more traditional manner would impose a burden....Finally, the responding party must demonstrate, as the rule requires, that the burden of acquiring or compiling the information is substantially the same for both parties." Id.

In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig., 2013 WL 87744561, *2 (S.D.W.Va. July 26, 2013).

In this instance, other than producing the WVDEP documents, Defendants have failed to meet the latter three criteria. Most importantly however, Defendants failed to meet the second criteria. That is, they failed to specify where in the WVDEP records Plaintiff could find the specific information requested. Rather, they asserted a blanket reference to the voluminous WVDEP records that were enclosed on compact disc. The Court finds that it is proper for Defendants to answer Interrogatory Numbers 11 and 12 by referring to the WVDEP. Defendants must however, refer to the specific documents which are responsive to Plaintiff's requests. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 42.) is **GRANTED** as to Interrogatory Numbers 11 and 12 and Defendants are **ORDERED** by **April 14, 2015**, either to reference the specific WVDEP documents that are responsive to Plaintiff's Interrogatory Numbers

11

11 and 12, or to provide a specific response to the requests.

Requests for Admission:

Plaintiff also alleges that Defendants' responses to Requests for Admission Numbers 2, 4, 6-9, 11, 14, 17, 19-23, 25-32, 34, and 36-37, are unresponsive and inadequate. (Document No. 42 at 10-14.) Defendants supplemented their responses and Plaintiff moved to withdraw its Motion to Compel with respect to Requests Numbers 2, 4, 6-9, 20-23, 25-28, 31, and 36-37. (Document No. 52.) Plaintiff asserts, however, that Defendants' responses to Requests Numbers 11, 14, 17, 19, 24, 29, 30, 32, and 34, remain insufficient. (Id.) Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Withdraw Portion of Motion to Compel With Respect to Certain Requests for Admission (Document No. 52.), is **GRANTED**. The Court will consider Plaintiff's Motion to Compel with respect to the remaining challenges to the Requests for Admission at issue.

Request Numbers 11, 19, and 30 asked Defendants to admit that as a result of their mining into Plaintiff's safety zone, the integrity of the impoundment has been affected; that the cost of dealing with and preserving the integrity of the impoundment in the future will be in the tens of millions of dollars; and that Plaintiff's property has been damaged. (Document No. 42, Exhibit B at 18, 21, 24.) Defendants responded that they were without sufficient information to admit or deny the request, that the affect on integrity of the impoundment was unknown, that the costs cannot be determined at this time, and that the term "damaged" was ambiguous. (Id.) Citing Drutis v. Rand McNally & Co., 236 F.R.D. 325 (E.D. Ky. 2006), Plaintiffs assert that Defendants have retained an engineer to analyze the issues related to the issues in this matter and  must respond to the discovery requests, even if they must consult with their expert. (Document No. 42 at 13.) Defendants make a blanket response to all of Plaintiff's Requests for Admission and assert that their responses were

appropriate according to the Federal Rules of Civil Procedure. (Document No. 57 at 6.) Defendants assert that Plaintiffs' requests seek information that neither is known currently nor readily available to any person or reflect facts known or proven. (Id.)

The Federal Rules of Civil Procedure instruct that Admissions serve two vital purposes designed to reduce trial time. "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36 Advisory Committee's Notes, 1970 Amendment; Frontier-Kemper Constr., Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 531 (S.D. W.Va. 2007). Rule 36(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> (1) **Scope**. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(a)(1) relating to:
> (1) facts, the application of law to fact, or opinions about either; and
> (2) the genuineness of any described documents.
>                                   ***
> (4) **Answer**. If a mater is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully answer or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) **Objections**. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

As Rule 36(a)(4) provides, the responding party must make reasonable inquiry to obtain the information necessary to respond to the request, which "includes an investigation and inquiry of employees, agents, and others, 'who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.' The inquiry may require venturing

13

beyond the parties to the litigation and include, under certain limited circumstances, non-parties..."
Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 183 (S.D. W.Va. 2010)(quoting FDIC v.
Halpern, 271 F.R.D. 191, 193 (D. Nev. 2010)(internal quotations omitted).

The undersigned finds that Defendants' response to Plaintiff's Request Numbers 11, 19, and
30 are appropriate pursuant to Rule 36(a). Defendants properly stated that they were without
sufficient information to admit or deny the requests at this time. Although Defendants failed to
indicate any reasonable efforts they made to obtain the information necessary to respond to the
requests, the undersigned finds that they did not need to. Although Defendants have obtained an
expert witness, they responded to Request Number 11 that the extent, if any, of the effect of the
mining on the impoundment's integrity is not known at this time. Such response is proper. Regarding
Request Number 19, Plaintiff is asking Defendants to speculate as to the future amount of damages,
which is an improper request by means of admission. Defendants properly responded that costs could
not be determined at this time. Finally, respecting Request Number 30, Defendants take issue with
the word "damaged," and responded that they were without sufficient information to admit or deny.
Again, the undersigned finds that Defendants properly responded that they do not know or have
sufficient information to respond to know how or to the extent of damage of Plaintiff's property.

Request Numbers 14, 17, 29, 32, and 34, asked Defendants to admit that their mining into
the safety zone will require Plaintiff to take additional steps to preserve the integrity of its
impoundment (#14); that in addition to maintaining perpetual pumping, additional permits will need
to be obtained or maintained and water quality monitored and treated (#17); that their mining was
a violation of their permit and the applicable guidelines pursuant to SMCRA (#29); that if
Defendants fail to continue pumping water and preserve the integrity of the impoundment, Plaintiff

14

will be irreparably harmed (#32); and if Defendants fail to execute a plan acceptable to regulators for the preservation of the integrity of the impoundment and allowance of financial assurance that the necessary steps will be maintained in perpetuity, it will cause a public health and safety threat to those living in the area of the impoundment. (Document No. 42, Exhibit B at 19-26.) Defendants objected to each Request and asserted that the Requests fell outside the scope of Rule 36 in that each one sought a legal conclusion and did not seek an admission regarding statements of opinions of fact or the application of law to fact. (Id.) Furthermore, Defendants asserted that the Requests assumed hypothetical facts that had not been alleged or proven. (Id.)

Plaintiff asserts in its Motion that all facts set forth in the Requests were alleged and that it is improper to object on the grounds that the request seeks admission of issues for the jury to decide or that address a subject for expert testimony. (Document No. 42 at 14.) Plaintiff notes that Defendants admitted that Double-Bonus Coal Company submitted a plan to MSHA and that they retained an engineer to analyze the issues related to the issues. (Id.)

The undersigned again finds that Defendants' responses to these Requests were proper. Plaintiff asks Defendants for responses that almost are highly speculative in nature and do not relate to facts, the application of law to fact, or opinions about either as required by Rule 36(a). In Drutis, 236 F.R.D. at 331, an ERISA action, the Magistrate Judge concluded that the plaintiffs' objections to requests for admission were overruled when plaintiffs could consult with their expert witness and supplement their response. Although Defendants apparently have retained an expert in this matter, the undersigned finds that Plaintiff's requests primarily pertain to future consequences of certain matters, and therefore, neither are factual in nature nor relate to the application of law to the fact, and therefore, cannot require an opinion. These prospective happenings cannot be predicted and are not

15

proper requests by virtue of admission. Defendants' responses that they lack sufficient information to admit or deny therefore, are sufficient.

Request Number 24 asked Defendants to admit that Bluestone violated its permit, as well as state and federal laws and regulations when it mined into the safety zone of Plaintiff's impoundment. (Document No. 42, Exhibit B at 22.) Defendants responded that they admitted that the WVDEP issued a violation for mining outside of approved mining limits. (Id.) Plaintiff asserts that Defendants' response is "wholly nonresponsive" respecting the information sought. (Document No. 42 at 14.) Defendants admitted this request but qualified it to the extent that they were issued a violation for mining outside of approved mining limits. Though the violation itself is not attached to the motion to compel, the undersigned supposes that it states what regulations were violated, and therefore, speaks for itself, and does not require Defendants to respond further to this request. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 42.), respecting Requests for Admission Numbers 11, 14, 17, 19, 24, 29, 30, 32, and 34 is **DENIED**.

**Plaintiff's Second Motion to Compel (Document No. 107.)**:

Plaintiff served its Request for Admission and Request for Production of Documents on Defendants on July 3, 2014. (Document Nos. 92-94.) Counsel for Defendants requested an extension of time in which to respond, which made their responses due on August 5, 2014. Defendants served their responses to Plaintiff's discovery requests on August 5, 2014. (Document Nos. 101-05.) By letter dated August 11, 2014, Plaintiff's counsel advised defense counsel of the responses deemed inappropriate, and requested supplemental responses by August 15, 2014. (Document No. 107, Exhibit D.) Defendants failed to supplement their responses. (Document No. 107 at ¶ 6.) Plaintiff filed its Second Motion to Compel (Document No. 107.), on August 18, 2014, to which Defendants

16

did not respond.

**Double Bonus:**

Requests for Admission Nos. 9-17, 39-45, 50-66, and 69-80, requested that Defendant Double Bonus admit various facts that formed the basis of Plaintiff's allegations and request for damages set forth in the Amended Complaint. (Document No. 107 and Exhibit A.) In response to each request, Double Bonus stated that it neither could admit nor could deny the requests because the information readily available to Double Bonus to enable it to admit or deny the same was insufficient. (Document No. 107 at ¶ 10.) Plaintiff asserts that Double Bonus failed to provide any reasonable explanation as to the good faith inquiry it made to respond to the discovery requests. (Id. at ¶ 11.)

Request Numbers 9-17, asked Defendants to admit basic questions that go to the heart of the issues in dispute between the parties. The Requests asked Double Bonus to admit that it conducted mining operations outside of the approved mining limits as set forth in the August 14, 2007, Notice of Violation (#9); that it conducted mining operations outside of the approved mining limits set forth in the subsidence control plan (#10); that as holder of the permit, Bluestone Coal was required to be aware of the location of Plaintiff's impoundment (#11); that Double Bonus was required to be aware of the location of its impoundment (#12); that Bluestone Coal was required to be aware of all legal requirements regarding the safety zones around Plaintiff's impoundment (#13); that Double Bonus was required to be aware of all the legal requirements regarding the safety zones around Plaintiff's impoundment (#14); that Double Bonus should not have conducted mining operations within the safety zone of Plaintiff's impoundment (#15); that Bluestone Coal should not have conducted mining operations within the safety zone of Plaintiff's impoundment (#16); and that Double Bonus

conducted underground mining operations outside of the approved mining limits set forth in the subsidence control plan set forth in the August 14, 2007, Violation Notice (#17).

The undersigned finds that Double Bonus' responses to Plaintiff's Request Numbers 10, 12, and 15 are appropriate. The Requests ask Double Bonus to speculate as to what Bluestone Coal should have known or should have done. The response that Double Bonus was without sufficient information to admit or deny is appropriate. Request Numbers 9, 11, 13, 14, 16, and 17 specifically ask what Double Bonus did or should have known. Such Requests are directly geared toward Double Bonus and concern its actions and knowledge. Accordingly, it is hereby **ORDERED** that Plaintiff's Second Motion to Compel (Document No. 107.) is **GRANTED** respecting Plaintiff's Requests for Admission Numbers 9, 11, 13-14, and 16-17, directed toward Double Bonus; Double Bonus shall supplement its Responses by **April 14, 2015**. The Motion (Document No. 107.) is **DENIED** respecting Plaintiff's Requests for Admission to Double Bonus Numbers 10, 12, and 15.

Request Numbers 39-45 asked Double Bonus to admit that in years 2007 and 2008, it shared certain business-related items with Bluestone Industries. Inc., and Bluestone Coal, such as accountants (#40, 43), legal counsel (#41, 44), office support staff (#42, 45). Again, the undersigned finds that Plaintiff's Requests are tailored to Double Bonus' business practices. Accordingly, it is hereby **ORDERED** that Plaintiff's Second Motion to Compel (Document No. 107.), is **GRANTED** respecting Plaintiff's Requests for Admission Numbers 39-45; Double Bonus shall by **April 14, 2015**, supplement its responses or explain in detail the steps it took prior to responding that it was unable to admit or deny the requests.

Request Number 50 asked Double Bonus to admit that Bluestone Coal submitted incidental boundary revisions to the WVDEP in 2011, and Request Number 51 asked Double Bonus to admit

18

that the revision was not submitted by it. The undersigned finds that Request Number 50 asked Double Bonus to admit a fact that may be speculative as it pertained to Bluestone Coal, but that Request Number 51 directly pertained to Double Bonus. Request Numbers 52-55 asked Double Bonus specifics about whether it shared certain information with Cliffs and Request Number 56 asked Double Bonus to admit that it did not monitor the flow from the pumping stations in 2013. The undersigned finds that such Requests are relevant to the issues in dispute and are proper inquiries. Accordingly, it is hereby **ORDERED** that Plaintiff's Second Motion to Compel (Document No. 107.) respecting Request for Admission Numbers 51-66 as directed toward Double Bonus is **GRANTED** and that Double Bonus shall supplement its Responses or explain in detail the steps it took prior to responding that it was unable to admit or deny the requests by **April 14, 2015**. The Motion is **DENIED** respecting Request for Admission Number 50.

Plaintiff's Request Number 69 asked Double Bonus to admit that if the impoundment failed there would be significant environmental and property damage and potential fatalities. The undersigned finds that such Request calls for a speculative response and that Double Bonus' response is appropriate. Request Numbers 70, 72, 74-80, asked Double Bonus to admit certain factual statements relating to whom certain Violation Notices were issued and that such Notices were not issued to Double Bonus. The undersigned finds that such requests are proper and seek relevant information that may be known to Double Bonus. Accordingly, it is hereby **ORDERED** that Plaintiff's Request for Admission Numbers 70, 72, and 74-80 are proper Requests and Plaintiff's Second Motion to Compel (Document No. 107.), is **GRANTED** respecting these Requests and **DENIED** respecting Request Numbers 69 and 71; Double Bonus shall supplement its Responses or explain in detail the steps it took prior to responding that it was unable to admit or deny the requests

19

by **April 14, 2015.**

**Bluestone Coal**:

Request for Admissions Numbers 9-14, 16, 36-42, 46-54, and 65-76, requested that Defendant Bluestone Coal admit certain statements and various facts that formed the basis of Plaintiff's allegations and request for damages set forth in the Amended Complaint. (Document No. 107 and Exhibit A.) In response to each request, Bluestone Coal stated that it neither could admit nor could deny the requests because the information readily available to Double Bonus to enable it to admit or deny the same was insufficient. (Document No. 107 at ¶ 10.) Bluestone Coal responded to Numbers 27-30, with statements that the Requests were vague and ambiguous. (Id.)

Respecting Request for Admission Numbers 13-14, 36, 47, and 74-75, the undersigned finds that these Requests ask Bluestone Coal to speculate as to what Double Bonus should have known or should have done, or what happened to Double Bonus. The response that Bluestone Coal was without sufficient information to admit or deny is appropriate. Regarding Request Numbers 61-62 and 65, the undersigned finds that these Requests seek an admission as to information that is speculative in nature, and therefore, the undersigned finds that Bluestone Coal's responses are adequate. Finally, regarding the remaining Requests at issue, the undersigned finds that the Requests specifically ask for admissions with respect to information particular to Bluestone Coal. Such Requests are directly geared toward Bluestone Coal and concern its action and knowledge and business practices. The undersigned therefore finds that Bluestone Coal shall supplement its Responses or explain in detail the steps it took prior to responding that it was unable to admit or deny the requests. Finally, Respecting Request Numbers 27-30, Bluestone Coal responded that the Requests were denied as "vague and ambiguous." (Document No. 107, Exhibit B at 6-7.) Request

20

Numbers 27-30 ask Bluestone Coal to admit whether the officers and directors for Bluestone Industries, Inc., in the year 2007, had access to the finances and bank accounts on behalf of Bluestone, and whether the officers and directors, in the year 2007, were permitted to sign contracts and did sign contracts on behalf of Bluestone Coal. (Id.) The undersigned finds that these Requests are short, concise, and plainly worded, and therefore, are not vague and ambiguous as stated by Bluestone. Accordingly, it is hereby **ORDERED** that Plaintiff's Second Motion to Compel (Document No. 107.), is **GRANTED** respecting Request for Admission Numbers 9-12, 16, 27-30, 37-42, 46, 48-54, 60, and 66-73, and **DENIED** respecting Request for Admission Numbers 13-14, 36, 47, 61-62, 65, and 74-75. Bluestone Coal shall provide all supplemental responses by **April 14, 2015**.

Respecting Plaintiff's Requests for Production of Documents, Plaintiff asserts that Bluestone Coal has failed to produce any documents responsive to its Requests. Defendant outright failed to respond to Request Numbers 1-3; objected to Request Numbers 5 and 10; stated that it does not possess any documentation responsive to Request Numbers 6-9, 11-12, 20-22, and 24-26; and responded that while it was not waiving any objections, documents responsive to Request Numbers 13-19 and 23 "will not be provided for inspection and copying at a mutually convenient date and location." (Document No. 107 at Exhibit B.) The Court finds that Bluestone Coal shall answer, respond, or otherwise object to Request Numbers 1-3. Respecting Request Numbers 6-9, 11-12, 20-22, and 24-26, the undersigned directs Bluestone Coal to supplement its responses, as necessary. The undersigned further directs Bluestone Coal to supplement its responses to Request Numbers 13-19 and 23. It appears that Defendant may have intended to indicate that such documentation would be provided for inspection. If this is not the case, then Bluestone Coal is directed to supplement its

response to these Requests and state any objection indicating why it should not produce responsive documents. Respecting Request Number 5, Bluestone Coal simply stated "objection," but failed to indicate the nature of its objection. The undersigned therefore, directs that Defendant supplement its response and if a continued objection is warranted, state the nature of the objection. Finally, respecting Request Number 10, Bluestone Coal objected and indicated that the Request was vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Request Number 10 requests that Bluestone Coal provide copies of checks that were signed personally by James Justice II, from any of Bluestone Coal's accounts between 2000 and the date on which the sale of Bluestone Coal to Mechel was finalized. (Document No. 107, Exhibit B at 20.) Plaintiff asserts that the Request is relevant to the allegations that all three Defendants were one operational entity that shared responsibility for any torts committed. The undersigned finds that Request Number 10 therefore, is relevant to the allegations as indicated by Plaintiff and directs Bluestone Coal to supplement its response or provide responsive documents. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 107.), is **GRANTED** respecting Request for Production Numbers 1-3 and 5-25; Bluestone Coal shall either supplement its responses and/or objections to these Requests or provide documents responsive to the Requests by **April 14, 2015**.

**<u>Bluestone:</u>**

Respecting Request for Admission Numbers 9-17, 19, 39-45, 50-62, 64-66, and 69-80, Bluestone responded that it was unable to admit or deny the Requests because "the information that is known or readily available is insufficient to enable defendant to admit or deny the same." (Document No. 107, Exhibit C at 3-19.) Respecting Request Numbers 30-33, Bluestone responded

that the Requests were denied as "vague and ambiguous." (Id. at 7-8.) Request Numbers 30-33 ask Bluestone to admit whether its officers and directors, in the year 2007, had access to the finances and bank accounts on behalf of Bluestone Coal and Double Bonus, and whether its officers and directors, in the year 2007, were permitted to sign contracts and did sign contracts on behalf of Bluestone Coal and Double Bonus. (Id.) The undersigned finds that these Requests are short, concise, and plainly worded, and therefore, are not vague and ambiguous as stated by Bluestone. Accordingly, the undersigned directs Bluestone to supplement and respond to Request for Admission Numbers 30-33. Respecting Request Numbers 9, 12, 14-15, 17, 39, 51, and 78-79, the undersigned finds that the Requests seek an admission as to the conduct of Double Bonus, which information very well may not be in Bluestone's possession. Request Numbers 65-66, 69, seek an admission as to information that is speculative and the undersigned therefore finds that Bluestone's responses are adequate. The remaining Requests seek an admission of facts particular to Bluestone or Bluestone Coal, and therefore, the undersigned finds that the requests are proper and directs that Bluestone shall supplement its Responses or explain in detail the steps it took prior to responding that it was unable to admit or deny the requests. Accordingly, it is hereby **ORDERED** that Plaintiff's Second Motion to Compel (Document No. 107.), is **GRANTED** respecting Request for Admission Numbers 10-11, 13, 16, 40-45, 50, 52-62, 64-66, 69-77, and 80, and **DENIED** respecting Request for Admission Numbers 9, 12, 14-15, 17, 39, 51, and 78-79. Bluestone shall provide all supplemental responses by **April 14, 2015**.

Regarding Plaintiff's Requests for Production of Documents, Plaintiff asserts that Bluestone failed to respond at all to Request Numbers 1-18; stated that documents responsive to Request Numbers 19 and 23 "will not be provided for inspection and copying at a mutually convenient date

and location;" and stated that it did not possess any documentation responsive to Request Numbers 20-22 and 24-25. (Document No. 107, Exhibit C at 20-25.) The undersigned directs Bluestone to respond to Request Numbers 1-18. Respecting Request Numbers 19 and 23, it appears that Defendant may have intended to indicate that such documentation would be provided for inspection. If this is not the case, then Bluestone is directed to supplement its response to these two Requests and state any objection indicating why it should not produce responsive documents. Finally, respecting Request Numbers 20-22 and 24-25, the undersigned directs Bluestone to supplement its responses, as necessary. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 107.), is **GRANTED** respecting Request for Production Numbers 1-25, and Bluestone shall either supplement its responses and/or objections to these Requests or provide documents responsive to the Requests by **April 14, 2015**.

## <u>ATTORNEY FEES AND COSTS</u>:

Based on the foregoing, the Court finds that Plaintiff has complied with Rule 37 in part, and finds that Plaintiff attempted to confer with Defendants in good faith, but failed to comply with the requirements of the Local Rules. Local Rule of Civil Procedure 37.1(b) provides as follows:

> (b) Duty to Confer:
>
> Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange the meeting.

Plaintiff's counsel asserts that he sent letters to Defendants' counsel in an attempt to resolve the deficient discovery responses. (Document No. 42 at 2-3 and Document No. 107 at ¶ 5.) Local rule 37.1(b), however, requires that the party confer in person or by telephone. See <u>HSBC Bank USA,</u>

Nat'l Ass'n v. Resh, 2014 WL 317820 at *8 (S.D. W.Va.)(Chief Judge Chambers)("[A] letter on its own does not satisfy the meet and confer requirement."). The sanction for failing to comply with the meet and confer requirement, however, is the denial of a request for attorney's fees and expenses incurred in making the motion as opposed to an outright denial of the motion. See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 526 (S.D. W.Va. 2007); see also, Fed. R. Civ. P. 37(a)(5)(A)(I). Furthermore, the Court has granted in part and denied in part, Plaintiff's Motions to Compel. Accordingly, the Court hereby **DENIES** any requests for costs and attorney's fees incurred in making the motions.

## SUMMARY

In view of the foregoing, it is hereby **ORDERED** that Plaintiff's Motions for Ruling on Previously Filed Motion to Compel Discovery From Defendants (Document No. 106.) and Motion to Withdraw Portion of Motion to Compel With Respect to Certain Requests For Admission (Document No. 52.), are **GRANTED**; Plaintiff's Motion to Compel (Document No. 42.), is **GRANTED in part and DENIED in part**; the Motion is **GRANTED** respecting Interrogatory Numbers 1, 2, 11, 12, and 16 and Request for Production Numbers 1 and 5 and the Motion is **DENIED** respecting Interrogatory Numbers 4, 5, 14, and 15; Request for Production Number 9; and Request for Admission Numbers 11, 14, 17, 19, 24, 29, 30, 32, and 34. Defendants shall provide to Plaintiff all supplemental responses and documents on or before **Tuesday, April 14, 2015**. Plaintiff's Second Motion to Compel (Document No. 107.), is **GRANTED in part and DENIED in part**; respecting Defendant Double Bonus, the Motion is **GRANTED** respecting Request for Admission Numbers 9, 11, 13-14, 16-17, 39-45, 51-66, 70, 72, 74-80, and **DENIED** respecting Request for Admission Numbers 50, 69, 71; respecting Defendant Bluestone Coal, the Motion is

25

**GRANTED** respecting Request for Admission Numbers 9-12, 16, 27-30, 37-42, 46, 48-54, and 66-73, and Request for Production Numbers 1-3 and 5-25, and **DENIED** respecting Request for Admission Numbers 13-14, 36, 47, 61-62, 65, and 74-75; respecting Defendant Bluestone, the Motion is **GRANTED** respecting Request for Admission Numbers 10-11, 13, 16, 40-45, 50, 52-62, 64-66, 69-77, and 80, and Request for Production Numbers 1-25, and **DENIED** respecting Request for Admission Numbers 9, 12, 14-15, 17, 39, 51, and 78-79. Defendants shall provide all supplemental responses and documents on or before **Tuesday, April 14, 2015**. Plaintiff's requests for attorney's fees and costs are **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Johnston. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: March 31, 2015.

R. Clarke VanDervort
United States Magistrate Judge

26