# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **PINNACLE MINING COMPANY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.: 5:08-00931** |
| ) | |
| **BLUESTONE COAL CORPORATION,** ) | |
| **DOUBLE-BONUS COAL COMPANY,** ) | |
| and **BLUESTONE INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Additional Rule 30(b)(6) Testimony from Defendants (Document No. 133.), Defendants' Memorandum in Opposition to Pinnacle Motion to Compel Rule 30(b)(6) Testimony From Defendants and Alternative Motion to Strike (Document No. 136.), and Plaintiff's Reply in Support of Plaintiff's Motion to Compel. (Document No. 138.)

## BACKGROUND

On August 19, 2014, Plaintiff noticed Rule 30(b)(6) depositions for each Defendant on August 26, 2014. (Document Nos. 108-10.) Defendants failed to produce witnesses and on September 2, 2014, Plaintiff amended and re-noticed the depositions on September 10-12, 2014. (Document Nos. 133 at ¶9, 118-20.) On September 11, 2014, Plaintiff again amended and re-noticed the depositions on September 12 and 15, 2014. (Document Nos. 122-24.) Defendants produced Steve Ball, Roman Semenov, Pat Graham, David Harrah, and Robbie Ward to testify as to the matters set forth in the Notices of Deposition. (Document No. 133, Exhibit 2.) Patrick Graham was designated to testify regarding ten matters designated by Plaintiff, including training and instruction

of Bluestone Coal employees; citations or violations issued to Bluestone Coal by MSHA or the WVDEP; engineering studies regarding mining near the safety zone of Plaintiff's coal refuse impoundment; discussions, meetings, or actions subsequent to any mining near Plaintiff's safety zone of coal refuse impoundment; undermining of the safety zone of Plaintiff's coal refuse impoundment; mining operations at Mine No. 65; information regarding the closing of Mine No. 65; information regarding the monitoring of the water levels at Mine No. 65; and information regarding payment to WVDEP regarding the violations for the mining into the safety zone of Plaintiff's coal refuse impoundment. (Document Nos. 123 and 133 at ¶ 12.)

Plaintiff contends in its Motion that Mr. Graham was "hardly prepared to testify about the subject matters for which he was designated" and requests that the Court compel Defendants to provide a witness who is prepared adequately to answer the questions based on the subject areas that Mr. Graham was designated to testify. (Document No. 133.) Specifically, Plaintiff seeks to know, *inter alia*, the identities of the employees from October 2006, through May 2007, when they worked, their positions, their superiors, dates of their employment, and their last known contact information. (Id. at ¶ 20.) Additionally, Plaintiff seeks information as to whether Defendants conducted any investigations, held any internal meetings, or had any communications subsequent to the alleged incursion and regarding the wrongful incursion, including whether there are any records reflecting any investigations or communications. (Id.) Plaintiff asserts that the information is relevant for establishing the recklessness or wilfulness of Defendants' conduct for the purpose of punitive damages. (Id. at ¶¶ 18-19.)

In response to Plaintiff's Motion, Defendants assert that Plaintiff failed to state any objections during the depositions or request a continuance of the depositions based on Mr. Graham's

alleged lack of knowledge. (Document No. 136 at 1.) Furthermore, Defendants assert that prior to Plaintiff filing its Motion to Compel, Plaintiff failed to satisfy the meet and confer requirement of Rule 37. (Id. at 2.) Accordingly, Defendants assert that Plaintiff's Motion should be denied and stricken from the record due to Plaintiff's failure to satisfy the necessary procedural prerequisites of the Federal and Local Rules. (Id. at 3.) In Reply, Plaintiff asserts that Defendants have failed to explain why they were unable to produce Rule 30(b)(6) witnesses with knowledge of the specified topics. (Document No. 138 at 1.) Plaintiff further asserts that Defendants' failure to cooperate in the discovery process has "thwarted the ability of Plaintiff to discover relevant and requested information about these well-known issues, such that certain discovery is still quite incomplete." (Id.) Plaintiff indicates that counsel failed to meet and confer with Defendants prior to filing the Motion to Compel because "no conference among counsel could possibly have assisted the parties narrow the areas of disagreement nor resolved the glaring and obvious inability of Defendants to learn about or prepare for a case that has been pending since 2008." (Id. at 2.) Furthermore, Plaintiff asserts that the penalty for failing to meet and confer pursuant to Rule 37 is the inability to recover fees and costs associated with the Motion and not the outright denial of the requested relief or striking of the Motion to Compel. (Id. at 2-4.)

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides that if a corporate entity fails to make a designation under Rule 30(b)(6), the discovering party may move for an Order compelling the answer. See Fed. R. Civ. P. 37(a)(3)(B)(ii). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Rule 37 also provides that when a Motion to Compel is granted, the court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the nondisclosure was substantially justified or an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A) (Emphasis added).

The party opposing a Motion to Compel bears the burden of demonstrating why it should not be granted. See Garrett v. Aegis Communications Group, LLC, 2014 WL 2931882, *3 (N.D. W.Va. June 30, 2014)(citing Roseberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. PA 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W.Va. 1970)). Defendants assert that the Motion should be denied because Plaintiff failed to meet and confer with them as required by Rule 37(a)(1), and therefore, failed to advise them of any objection to Mr. Graham's deposition prior to the filing of the Motion to Compel.

Local Rule of Civil Procedure 37.1(b) provides as follows:

(b) Duty to Confer:

Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange the meeting.

Plaintiff's counsel concedes that he failed to confer with defense counsel prior to filing the Motion to Compel because such meeting would have been of no consequence. (Document No. 138 at 2-4.) Local Rule 37.1(b) however, requires that the party confer in person or by telephone prior to filing a Motion to Compel. See HSBC Bank USA, Nat'l Ass'n v. Resh, 2014 WL 317820 at *8 (S.D. W.Va.)(Chief Judge Chambers)("[A] letter on its own does not satisfy the meet and confer

4

requirement."). The sanction for failing to comply with the meet and confer requirement however, is the denial of a request for attorney's fees and expenses incurred in making the motion as opposed to an outright denial of the motion. See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 526 (S.D. W.Va. 2007); see also, Fed. R. Civ. P. 37(a)(5)(A)(I). Consequently, Defendants' grounds for opposing Plaintiff's Motion do not result in the outright denial of the Motion. Rather, Plaintiff's request for costs and fees is hereby **DENIED** for failing to confer with defense counsel prior to filing the instant Motion.

Federal Rule of Civil Procedure 30(b)(6) authorizes a party to depose a corporate entity by deposing an agent selected by the corporation to be deposed.[1] Individuals designated as a corporate entity's witness essentially speak for the corporation and present the corporation's position and opinions, and therefore, bind the entity on the topics to which they are designated to testify. United States v. Taylor, 166 F.R.D. 356, 361 (M.D. NC 1996) ("[T]he designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions."). The corporation therefore, not only has a duty to present the witness, but an additional duty to prepare

---

[1] Rule 30(b)(6) provides:

(6) *Notice or Subpoena Direct to an Organization*. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed.R.Civ.P. 30(b)(6).

the witnesses to "give knowledgeable and binding answers for the corporation" on the matters for which they do not possess personal knowledge. Id. ("[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters which that designee was personally involved."). A corporation's failure to present fully prepared witnesses "is tantamount to a failure to appear" under Rule 37(d) of the Federal Rules of Civil Procedure, for which sanctions shall be imposed. Id. at 363 (citing Resolution Trust Corp. v. Southern Union, 985 F.2d 196, 197 (5th Cir. 1993)); see also Robinson v. Quicken Loans, Inc., 2013 WL 1776100, *3 (S.D. W.Va. Apr. 25, 2013).

The Court has reviewed the relevant portions of Mr. Graham's deposition as submitted by Plaintiff and finds that Mr. Graham was not prepared reasonably to respond to all of the questions in the subject areas identified in the Notices of Deposition. Specifically, Mr. Graham was unable to identify more than two of the approximate 75 employees of Defendant Double Bonus, including their positions, when they worked, to whom they reported, their dates of employment, and their contact information. (Document No. 133, Exhibit 4 at 6-8, 15.) Furthermore, Mr. Graham was unable to state definitively whether Defendants conducted any investigations or internal meetings following the incident, or whether they had any communications and records of such communications, following the incident. (Id. at 6, 10-15.) The undersigned also notes that Mr. Graham's responses to questions concerning citations and violations issued by MSHA and the WVDEP were lacking in substance. (Id. at 9, 12.) Mr. Graham repeatedly acknowledged throughout his deposition that he failed to ask the Defendants to review any records despite the fact that he no longer was employed by Defendants, and that he reviewed only a file given to him by Defendants' attorneys, MSHA citations issued to Double Bonus and Ansted Engineering, Cleveland Cliffs' SEC

6

Report, and the MSHA website to determine if there were any problems with Plaintiff's annual report certification for the impoundment. (Id. at 12.) Defendants designated Mr. Graham to testify as to, *inter alia*, the training and instruction to employees of Bluestone Coal, citations or violations issued to Bluestone Coal by MSHA or the WVDEP; engineering studies; discussions and meetings subsequent to the incident; the operations of mining at Mine No. 65, including employees; and information regarding the payment of violations to the WVDEP. (Document Nos. 123 and 133 at Exhibit 2.) Defendants therefore, had a duty to prepare Mr. Graham to testify regarding the topics for which he was designated. Mr. Graham, however, was not prepared adequately to testify on behalf of Defendants, which was tantamount to a failure to appear under Rule 37(d)(1)(A)(I). Plaintiff requests a second deposition of an adequately prepared witness concerning the subject areas for which Mr. Graham was designated to testify. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 133.), is **GRANTED** and Defendants' Alternative Motion to Strike (Document No. 136.), is **DENIED**. Defendants shall prepare and produce a witness to testify as to the topics for which Mr. Graham was designated to testify, on or before **Friday, May 22, 2015**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Johnston. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: May 13, 2015.

R. Clarke VanDervort
United States Magistrate Judge