IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

PINNACLE MINING COMPANY, LLC,

        Plaintiff,

v.                                        CIVIL ACTION NO.  5:08-cv-00931

BLUESTONE COAL CORPORATION et al.,,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion for Summary Judgment, (ECF 125), and Defendant Bluestone Industries, Inc.'s Motion for Summary Judgment, (ECF 126).  For the reasons discussed herein, Plaintiff's motion is **DENIED AS MOOT**, and Defendant's motion is **DENIED**.

*I.    Background*

Plaintiff Pinnacle Mining Company, LLC ("Pinnacle") initially instituted this civil action against Defendants Bluestone Industries, Inc. ("Bluestone Industries"), Bluestone Coal Corporation ("Bluestone Coal"), and Double Bonus Coal Company ("Double Bonus") in 2008. The facts and circumstances underlying this case have been fully briefed and will be detailed by this Court in its forthcoming opinion addressing the parties' more recent motions for summary judgment.  For purposes of the pending motions, only a brief description of those facts is necessary.

1

Plaintiff has a license to operate and maintain an impoundment containing coal waste and wastewater in Wyoming County, West Virginia. This impoundment was damaged by Defendants' underground mining operations, which the parties agree was impermissibly conducted within a safety perimeter established by West Virginia Division of Environmental Protection regulations. Defendants Bluestone Coal and Double Bonus have admitted liability, and the crux of the current dispute concerns the appropriate measure of damages owed to Pinnacle.

Plaintiff's initial complaint, filed on July 30, 2008, asserted five claims, stemming from the underground mining activity and subsequent damage to Plaintiff's impoundment, against the three named defendants, which Plaintiff collectively referred to as "Bluestone." (ECF 7 ¶ 4.) Count One asserted negligence, Count Two asserted strict liability, Count Three asserted violations of the federal Surface Mining Control and Reclamation Act (SMCRA), Count Four sought injunctive relief, and Count Five sought to disregard the corporate structure of each defendant and hold each "liable for the acts of the other with respect to this civil action." (*Id*. ¶ 37.) In response to motions to dismiss by the defendants, Plaintiff agreed to voluntarily dismiss Count Five as an independent cause of action, and this Court accordingly dismissed that Count without prejudice. (ECF 38 at 13–14.) Plaintiff reserved the alter ego argument as a theory of liability against all defendants on each of its underlying claims. (ECF 19 at 12 n. 7.)

The case was subsequently stayed by order of this Court entered July 8, 2009. (ECF 73.) On September 22, 2014, the parties filed the instant motions for summary judgment. Plaintiff moved for summary judgment on all claims, arguing that the defendants' liability was clear and that damages "are evident and have been calculated." (ECF 128 at 11.) On the other side, only Defendant Bluestone Industries filed a motion for summary judgment. That motion did not

2

address Plaintiff's substantive allegations, but asserted only that all of Plaintiff's claims against Bluestone Industries should be dismissed. (ECF 127 at 3.) Bluestone Industries argued that it had not engaged in any mining activities at the mine in question and was thus entitled to judgment as a matter of law. (*Id*. at 3–4.)

Since the time these motions were filed, there have been significant developments in the case as the parties' arguments have evolved and the issues in dispute have sharpened. In response to these developments, Plaintiff has filed a renewed motion for summary judgment, (ECF 197), and Defendants (acting jointly) have filed both a motion for partial summary judgment, (ECF 195), and a motion for leave to file supplemental memoranda and discovery responses, (ECF 162), in recognition of "material and significant events that have occurred since the parties separately moved for summary judgment or partial summary judgment in October of 2014." (*Id*. ¶ 1.) The parties' more recent briefing suggests that the September 2014 summary judgment motions no longer reflect their current points of dispute.

## II.     LEGAL STANDARD

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there exist factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *see also Pulliam Inv. Co., Inc. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law.

*Celotex Corp.,* 477 U.S. at 322–23. When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir. 1990). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

### III. DISCUSSION

In light of the current status of the parties' briefing, the Court deems it proper to deal with all of the current, substantive arguments for summary judgment at the same time, in a forthcoming opinion. The purpose of the current order is merely to facilitate efficient resolution of the current dispute by disposing of the year-old motions for summary judgment, which, by the parties' own admissions, have no current application.

Plaintiff's renewed motion for summary judgment was filed on June 24, 2015. (ECF 197.) That motion expressly incorporates "both its MSJ and its Reply to Defendants Response to the MSJ . . . into this Renewed MSJ"). (*Id.* at 2 n. 4.) Accordingly, Plaintiff's original motion has been subsumed by the renewed motion, and the Court **DENIES AS MOOT** Pinnacle's original Motion for Summary Judgment, (ECF 125).

Bluestone Industries' Motion for Summary Judgment, (ECF 126), is premised entirely on the argument that Bluestone Industries is not directly liable to Pinnacle because it was not actually engaged in the mining activity that forms the basis of the current dispute. Absent evidence of such direct involvement, Bluestone Industries argues, Plaintiff's claims against it "must fail as a matter of law." (*Id.* at 4.) As a result, the motion requests that all claims against Bluestone

Industries be dismissed. Subsequent filings reveal that, while Bluestone Industries continues to contest liability, it no longer seeks the relief requested in this motion.

Although the defendants' corporate structure is a heavily contested issue in this case, the record clearly evinces two things: (1) that Bluestone Coal and Double Bonus are wholly owned subsidiaries of Bluestone Industries[1], and (2) that whichever parties actually engaged in the mining conduct at issue, Plaintiff seeks to hold all three defendants responsible to the same degree under a veil piercing or alter ego theory.[2] From the outset, Plaintiff's theory has been that the three defendants are run as one entity and as such share liability for one another's actions. This is evident from the fact that Plaintiff originally pled this theory as a separate cause of action. It later withdrew that claim in recognition of the fact that veil piercing operates as a theory of liability rather than as an independent cause of action. (ECF 19 at 12 n. 7.)

Since that time, however, Plaintiff has maintained that theory of liability and consistently asserted that all defendants are responsible for the alleged wrongful acts of the others, that all defendants acted as one entity, and thus that they share liability to the Plaintiff under a veil piercing theory of liability. It stated this position in response to the pending motion for summary judgment, when it described its voluntary dismissal of the stand-alone alter ego claim as proof that it was "seeking to hold all three defendants responsible for the alleged wrongful acts based on their

---

[1] *See* ECF 196 (Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment) at 1 n.1; ECF 128 (Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment) at 2 n. 2.
[2] In a recurring footnote that appears throughout Plaintiff's briefing, Plaintiff acknowledges that Bluestone Coal's name is on the relevant permit, that Double Bonus engaged in the actual mining activity at issue, but that Bluestone Industries is nonetheless liable because the three defendants were "for all practical purposes, one company operating at the sole direction of Mr. Justice and his son." *See id.*; ECF 198 (Plaintiff's Memorandum of Law in Support of Plaintiff's Renewed Motion for Summary Judgment) at 2–3 n. 6; ECF 203 (Plaintiff's Response to Defendant's Motion for Partial Summary Judgment) at 4 n. 4.

relationship to each other." (ECF 130 ¶ 4.) And, more recently, it again made the same argument in the briefing regarding its own renewed motion for summary judgment. (ECF 204 at 5–6.)

More importantly, the record clearly indicates that Bluestone Industries has abandoned its contention that it is entitled to be dismissed wholly from the case. While it continues to dispute its liability, Bluestone Industries has conceded that, as Plaintiff has argued the case, the issue of its liability is a fact-specific issue, inappropriate for consideration at summary judgment. For example, Bluestone Industries admits in its reply brief to the instant summary judgment motion that, to the extent Plaintiff seeks to hold it liable under a corporate veil piercing theory, "there are questions of fact on that legal theory." (ECF 131 at 1.) More recently, in responding to Plaintiff's renewed summary judgment motion, Bluestone Industries argued that "there are clearly questions of fact about the criteria for establishing the piercing of the corporate veil between Bluestone Industries and the subsidiary defendants." (ECF 202 at 9 n. 10.) Thus, while Bluestone Industries argues that summary judgment is inappropriate *against* it on the veil piercing theory, it no longer contends that it is entitled to summary judgment on that issue itself. Indeed, it acknowledges as much in its reply brief to the present motion when it expresses its acceptance of being left "as a defendant solely on the potential theory of veil piercing." (ECF 131 at 4.)

Thus, Bluestone Industries no longer seeks the relief originally requested in the present motion. The issue is somewhat complicated, however, because Bluestone Industries further argues for "partial summary judgment" as to the "direct liability" claims against it. (*Id*. at 2.) It appears this argument was made at a time when Defendant understood Plaintiff to be making its claims against Bluestone Industries directly, independent of any veil piercing or alter ego theories. (*Id*. (noting that "plaintiff, for the first time, concedes that Bluestone's liability is dependent

6

wholly upon plaintiff's ability to present evidence sufficient to pierce the corporate veil. Accordingly, defendant is entitled to partial summary judgment regarding any direct liability claims set forth in the Complaint."))  However, as Defendant has since recognized, Pinnacle's pleadings do not make any distinction between direct liability and liability pursuant to an alter ego or veil piercing theory.  Rather, as discussed above, they seek to hold defendants liable as one based on their alleged interrelated corporate structure.

In the posture of this case, then, whether Bluestone Industries is held "directly liable" or liable for the acts of its subsidiaries under a veil piercing theory, its ultimate liability will be the same.  It is true that attempts to pierce the corporate veil are means of imposing liability rather than direct causes of action.  *See Thomas v. Peacock*, 39 F.3d 493, 499 (4th Cir. 1994) (citing 1 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 41, at 603 (perm. Ed. Rev. vol. 1990)).  However, veil piercing theories, when they apply, operate as substantive rules of liability.  *Id.; Southern Elec. Supply Co. v. Raleigh County Nat. Bank*, 320 S.E.2d 515, 522 (W. Va. 1984) ("A corporate shield may, of course, be 'pierced' to subject a sole shareholder to liability for corporate acts or to make a corporation liable for behavior of another corporation within its total control.").  The legal effect of veil piercing is to impose shared liability in a situation where "what appears to be two entities existing in parallel is, for certain purposes, a single entity."  *Carter Enterprises, Inc. v. Ashland Specialty Co.,* 257 B.R. 797, 801 (S.D. W. Va. 2001) (citation omitted).

The facts in this case will either demonstrate that the three defendants were run as one corporate entity, as Plaintiff has consistently alleged throughout this litigation, or they won't. Either way, as Defendant's subsequent pleadings acknowledge, it is well-established that

"decisions to look beyond, inside, and through corporate facades must be made case-by-case, with particular attention to factual details." *Southern Elec. Supply Co.*, 320 S.E.2d at 523. Such questions are generally inappropriate for resolution on summary judgment. Syl. Pt. 6, *Laya v. Erin Homes, Inc.* 352 S.E.2d 93 (W. Va. 1986).

In this case, Plaintiff's theory of liability is that all three defendants are responsible for the alleged wrongful acts of the others based on the nature of their relationship, (ECF 204 at 5–6), and it has introduced deposition evidence in support of that theory. *See*, e.g., ECF 198 at 2 n. 6. Bluestone Industries admits this legal theory of corporate liability is a factual issue that precludes summary judgment and does not dispute inclusion in the case pursuant to a veil piercing theory. (ECF 131.) Thus, its motion for summary judgment with respect to all of the Plaintiff's claims against it, (ECF 126), is **DENIED**. Its request for partial summary judgment as to the "direct liability" claims against it is also **DENIED** because, as detailed above, Plaintiff makes no such claims.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES AS MOOT** Plaintiff's original Motion for Summary Judgment, (ECF 125), and **DENIES** Defendant Bluestone Industries' Motion for Summary Judgment, (ECF 126). The Court will address the substantive issues presented by the parties' current motions for summary judgment in a forthcoming opinion.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE